Yumin Xiang v. Loretta Lynch Mr. Mop May it please the Court. My name is Poong Chae Mop. I'm the petitioner. Your Honors, I'm here today to request the Court to review an adverse credibility finding entered and upheld by the Immigration Judge and also the Board of Immigration Appeals. Your Honors, the adverse credibility finding was based on three alleged or perceived discrepancies between the petitioner's in-court testimony and her written statement and the medical records and also a letter from her husband. First of all, the written statement failed to mention some other abortions, but in the live court testimony she mentioned additional abortions. But the failure to mention them does not negate the fact that she suffered past persecution based on forced abortion. And also, the lower tribunals relied on two cases from this court. One is Hsiao, the other is Wang. Both cases are clearly distinguishable from the facts of this case. In the Hsiao case, the lady was intercepted at the airport. I think an officer conducted an interview asking her, why don't you want to return to China? She did not mention anything relating to forced abortion. But at the time of the hearing or when she applied for asylum, she mentioned that she was forced to have an abortion. The difference is significant. The second case was that in the written statement, the petitioner did not mention that his wife was forced to have an abortion and he resisted to the forced abortion. She did not mention that, but at the time of the hearing, he testified that that happened. But in this case, merely my client did not include other instances of abortions in the written statement. I believe our client, the education level is no higher than high school, even college educated people. If you ask him or her to write an account of instances, events, 20 years ago, it could be an exhausting task. After she finished this piece of writing, she could say, oh, I accomplished a lot, but she was not aware that she missed something. But Mr. Ma, wasn't the whole basis for the request for relief because of the prior three abortions that she testified to? Then why only put one down? I didn't understand the application was specific to her request for relief, wasn't it? Yeah, that's the forced abortion in the past by the government. She was forced to have an abortion in the past. She mentioned the 1994 incident, but she did not mention other incidents. Your Honor, the failure to mention other instances does not negate her claim of past persecution based on family planning policies. Secondly, she provided a booklet of medical records showing that she visited a doctor because of other complaints. In the history of medical history, it was mentioned that she had a past abortion. And the judge said, why did the doctor mention only one abortion and not other abortions? Why did you tell the doctor that you had only one abortion? But, Your Honor, in Chinese, sometimes if you ask a woman, have you ever had an abortion, she may say, I have had an abortion. But the expression does not express whether it's many or only one, one or more than one. But regardless, whatever she told the doctor, the doctor just put one in there, has nothing to negate the fact that she was forced to have an abortion in the past. And the doctor might have told the doctor I had more than one abortion, and the doctor just wrote one, but has nothing to negate the claim of past persecution. Thirdly, she provided a letter from her husband saying that she had an abortion in 1994, somewhere around October of that year. But actually, she testified that the abortion was in the summer, during the summer of 1994. And the judge paid great attention to this fact, saying that why your husband mentioned October 1994. She said, oh, she's old, she forgot about it. And the judge said, that's not a reasonable explanation. Your Honor, I'm not sure whether she said he was old. She might think that her husband was biologically old. She might have deemed that her husband was an old fool who had neglected the events of her life and neglected all the details concerning her life. But the fact is that the husband confirmed that she was forced to have at least one abortion. But the record shows that during the alleged incidents, the abortion incidents, the husband was not around. The husband was away from her. And I don't think it was reasonable to require a husband to state in detail this kind of facts. If he had his statement, if he had stated in great detail with the exact accuracy of the dates and the circumstances, the statement would have been unnatural. But whatever, the husband's statement confirms that he was suffered past persecution because of the family planning policies. And the two cases relied on by the Board of Appeals and also the immigration judge do not warrant an adverse credibility finding. If we have a superficial view of the two cases and of the facts of this case, and we mechanically apply the two cases to the facts of this case, would not serve the purpose of justice and would not serve the purpose of a meaningful review of what happened before the lower tribunals. If you don't have any questions, your honors, I reserve my time for rebuttal. Very good. Thank you, Mr. Ma. Ms. Burdage? Good afternoon. May it please the court, Kimberly Burdge for the Attorney General. As my opposing counsel has stated, this case involves mainly the issue of post-real ID act credibility. The government feels that Zhang has not demonstrated that the record compels the conclusion that she testified credibly. According to her personal statement that she submitted, her 2010 medical report, Zhang's husband's letter, they all only mentioned one abortion, yet she testified to having had three abortions. Does the government dispute at least one? Does the government dispute all? Well, there was the second discrepancy between the dates for the first abortion that Zhang gave. Well, does the government dispute that she had at least one forced abortion? I don't think that the board actually determined whether or not she had one abortion or not. If she did, she would be entitled to a presumption, correct? If she did. Right. That second discrepancy that was mentioned earlier was the difference between the October 1994 date that the husband mentioned in his letter and the summer 1994 date that Zhang gave during her testimony. That's not really much of a discrepancy, is it? It's not a great discrepancy, but the fact that your entire case hangs on this one, possibly this one abortion, it doesn't make sense that they wouldn't have that in tune. And I think the greater discrepancy is that she did embellish her claim when she got up to testify. And in those kinds of cases, I think the agency is left with an inability to determine exactly what happened because there's this embellishment, there's this discrepancy, the corroboration that she submitted didn't support her claim, much less compel it. And I think that's where the main issue lies. There was a small issue about corroboration in general, where the agency determined that Zhang could have reasonably submitted other medical documentation, but the main issue really is the credibility and going back to the agency not being able to fundamentally believe the story. How do you think it changes if it was accepted that she had at least one forced abortion and that would then create a rebuttable presumption that there would be a well-founded fear of future persecution and then you would have to establish that that fear doesn't exist or isn't well-founded? Right, but I'm not exactly sure what the question is. That's true that that would be the case, but it isn't the case. You're saying the judge didn't give her any presumption, just found that she wasn't credible enough to accept and therefore didn't make her case? Right. She didn't meet her burden of proof, which would include credible testimony. So to say that, though, he would have had, or her, the judge would have had to have disregarded, had really basically found that couldn't tell if she ever even had a forced abortion. Because it's clear, isn't it, if there is a forced abortion, she does get that rebuttable presumption. Right, if there is one. But in this case, the agency didn't make that determination. Okay. Just in conclusion, if there's no other questions, I just wanted to say that the respondent respectfully requests that the court deny the petition for review because Zeng has not demonstrated that the record compels a decision contrary to that of the agency. So her difficulty is that, or her credibility in the eyes of the IJ is impaired because she mentioned the other two abortions. If she had never mentioned them, would there be much in the way of challenging her credibility? That would be up to the agency in the first instance. And I can't really speculate what they would have decided had they not had those other abortions testified to. Okay. Thank you. Thank you. Mr. Ma? Again, the immigration judge just questioned this woman just very vigorously and asked her, why didn't you mention that three women came to your home to take you to the hospital? Why didn't you mention it in your written statement? And this kind of questions, she might have provided insensible answers, but under the circumstances, the atmosphere of the hearing, a woman of her education may not be able to cope with the vigorous questioning. But the failure to mention the other two abortions in the written statement is important. But I don't think it is much more significant than her failure to mention three women coming to her home to take her away for an abortion. And based on the facts, and also, Your Honor, we request that the court carefully review the record and reverse the finding and remand the case to the lower court for further proceeding. Thank you so much. Thank you, Mr. Ma. Thanks to both counsel. The case is taken under advisory.